UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **TODD COYLE** and ) | |
| **ROCKABYE TOYS, INC.** ) | |
| ) | |
| *Plaintiffs*, ) | Case No: TBD |
| ) | |
| v. ) | |
| ) | |
| **DENNIS FOLAND, INC.** and ) | **JURY TRIAL DEMANDED** |
| **DENNIS FOLAND, INC. d/b/a** ) | |
| **CHARM CO.**, ) | |
| ) | |
| *Defendants.* | |

## COMPLAINT

Plaintiffs, TODD COYLE and ROCKABYE TOYS, INC. ("ROCKABYE"), bring this action against defendants DENNIS FOLAND, INC. and DENNIS FOLAND, INC. d/b/a CHARM CO. ("CHARM CO.") and seek damages and injunctive relief. MR. COYLE and ROCKABYE allege as follows:

1. This is an action for (a) copyright infringement under Title 17 of the United States Code Sections 501-505 and (b) unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125. Therefore, this Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

2. In addition, this action alleges common law claims of unfair competition. Subject matter jurisdiction exists over these common law claims under 28 U.S.C. § 1367(a) because the claims are so related they form part of the same case or controversy.

3. This Court has personal jurisdiction over DENNIS FOLAND, INC. and CHARM CO. because they have conducted business in this district and have infringed, contributed to the

infringement of, and/or actively induced others to infringe MR. COYLE's copyrights in this district as alleged in this Complaint.

4. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), 1400(a) and/or 1400(b), in that a substantial part of the events giving rise to MR. COYLE's and ROCKABYE's claims occurred in the Eastern District of Missouri, and DENNIS FOLAND, INC. and CHARM CO. conduct business and infringe the copyrights in this district.

## PARTIES

5. TODD COYLE is an individual residing at 3333 West Flower Street, Phoenix, Arizona 85017.

6. ROCKABYE TOYS, INC. is a corporation existing under the laws of California, having its principal place of business at 3333 West Flower Street, Phoenix, AZ 85017.

7. On information and belief and after a reasonable opportunity for further discovery, DENNIS FOLAND, INC. is a corporation existing under the laws of California, having its principal place of business at 1500 S. Hellman Ave. Ontario, California 91761.

8. On information and belief and after a reasonable opportunity for further discovery, DENNIS FOLAND, INC. d/b/a CHARM CO. is a corporation existing under the laws of California, having its principal place of business at 1500 S. Hellman Ave. Ontario, California 91761.

## STATEMENT OF FACTS RELEVANT TO ALL COUNTS

### THE COPYRIGHTS

9. MR. COYLE is the author of original works pertaining to plush animal designs on rockers.

10. These designs are called "Betty Butterfly Musical Rocking Animal," "Danny Dinosaur Musical Rocking Animal," "Homer Vintage Baseball Musical Rocking Toy," "Ollie Octopus Musical Rocking Animal," and "Sunny Snail Musical Rocking Animal" (collectively, "the Rocker designs"). A photograph of each Rocker design is reproduced in Figure 1 below:



**Figure 1**

11. These designs contain wholly original material that is copyrightable subject matter under the laws of the United States.

12. MR. COYLE holds numerous copyright registrations on the Rocker designs, including Copyright Registration Nos. VA000982541, VA000982540, VA000982626,

VA000982621 and VA000982617 ("the asserted Copyrights"). See Group Exhibit A, U.S. Copyright Office Website Search Results for the Asserted Copyrights.

13. MR. COYLE and ROCKABYE have in the past and currently are manufacturing, distributing, marketing and selling the Rocker designs.

14. MR. COYLE is the proprietor of all right, title, and interest in the asserted Copyrights including the right to sue for past infringement.

INFRINGING ACTIVITIES

15. DENNIS FOLAND, INC. and CHARM CO. reproduce and use unauthorized Rocker designs to make products.

16. DENNIS FOLAND, INC. and CHARM CO. also profit from their reproduction and use of unauthorized Rocker designs because DENNIS FOLAND, INC. and CHARM CO. are manufacturers and distributors that sell products utilizing the unauthorized Rocker designs.

17. For instance, DENNIS FOLAND, INC. and CHARM CO. reproduce, use and sell the unauthorized "Homer Baseball Rocker" which is represented in Figure 2 below alongside MR. COYLE's copyrighted "Homer Baseball Chair Rocker."




Infringing "Homer Baseball Rocker"  
DENNIS FOLAND, INC. and CHARM CO.

Copyrighted "Homer Baseball Chair Rocker"  
MR. COYLE

**Figure 2**

18. Additionally, DENNIS FOLAND, INC. and CHARM CO. reproduce, use and sell the unauthorized "Butterfly Rocker" which is represented in Figure 3 below alongside MR. COYLE's copyrighted "Betty Butterfly Chair Rocker."




Infringing "Butterfly Rocker"  
DENNIS FOLAND, INC. and CHARM CO.

Copyrighted "Betty Butterfly Chair Rocker"  
MR. COYLE

**Figure 3**

19. Additionally, DENNIS FOLAND, INC. and CHARM CO. also reproduce, use and sell the unauthorized "Rocking Octopus" rocker. This rocker, which is temporarily unavailable for sale, is represented in Figure 4 below alongside MR. COYLE's copyrighted "Ollie Octopus" Rocker design.



Front View

Tentacle View

Infringing "Rocking Octopus" Rocker  
DENNIS FOLAND, INC. and CHARM CO.

Copyrighted "Ollie Octopus" Rocker  
MR. COYLE

**Figure 4**

5

20. Finally, DENNIS FOLAND, INC. and CHARM CO. also reproduce, use and sell the unauthorized "Dexter Dinosaur" rocker.  This rocker, which is temporarily unavailable for sale, is represented in Figure 5 below alongside MR. COYLE's copyrighted "Danny Dinosaur" Rocker design.

 

Infringing "Dexter Dinosaur" Rocker  
DENNIS FOLAND, INC. and CHARM CO.

Copyrighted "Danny Dinosaur" Rocker  
MR. COYLE

**Figure 5**

21. Additionally, DENNIS FOLAND, INC. and CHARM CO. also reproduce, use and sell the "Color Peacock" and "Rocking Lady Bug" rockers.  These rockers are substantially similar to and/or derivative works of at least the copyrighted "Sunny Snail Musical Rocking Animal" Rocker design and the copyrighted "Betty Butterfly" design.  All rockers are represented in Figure 6 below.

 

Infringing "Color Peacock" Rocker  
DENNIS FOLAND, INC. and CHARM CO.

Infringing "Rocking Lady Bug" Rocker  
DENNIS FOLAND, INC. and CHARM CO.

6



Copyrighted "Sunny Snail Musical Rocking Animal" Rocker
MR. COYLE



Copyrighted "Betty Butterfly" Rocker
MR. COYLE

**Figure 6**

## COUNT I

## DENNIS FOLAND, INC.'S COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 501-505

22. MR. COYLE and ROCKABYE incorporate by reference the allegations of paragraphs 1-21.

23. DENNIS FOLAND, INC. had access to the Rocker designs as MR. COYLE displayed the Rocker designs to representatives of DENNIS FOLAND, INC. at a trade show in New York in January 2006.

24. DENNIS FOLAND, INC., without authorization, has and continues to reproduce directly or indirectly through its suppliers and agents, prepare derivative works, and distribute the contents of the asserted Copyrights by at least manufacturing and selling products with a design that is the same or substantially similar to the artistic features set forth in the Rocker designs.

25. By means of the actions complained of herein, DENNIS FOLAND, INC. has infringed and will continue to infringe the asserted Copyrights.

26. MR. COYLE and ROCKABYE are informed and believe, and on that basis allege, that unless enjoined by this Court, DENNIS FOLAND, INC. intends to continue its course of conduct as alleged above. As a direct and proximate result of the acts of DENNIS FOLAND, INC. alleged above, MR. COYLE and ROCKABYE have suffered irreparable harm.

27. MR. COYLE and ROCKABYE have no adequate remedy at law to redress all of the injuries that DENNIS FOLAND, INC. has caused and intends to cause by its conduct. MR. COYLE and ROCKABYE will continue to suffer irreparable harm until DENNIS FOLAND, INC.'s actions alleged above are enjoined by this Court.

28. MR. COYLE and ROCKABYE are entitled to recover from DENNIS FOLAND, INC. the damages they have sustained and will sustain, and any gains, profits and advantages obtained by DENNIS FOLAND, INC. as a result of DENNIS FOLAND, INC.'s acts of infringement alleged above.

29. DENNIS FOLAND, INC. knew that the Rocker designs were protected by the asserted Copyrights and willfully infringed the asserted Copyrights.

## COUNT II

## CHARM CO.'S COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 501-505

30. MR. COYLE and ROCKABYE incorporate by reference the allegations of paragraphs 1-29.

31. CHARM CO. had access to the Rocker designs as MR. COYLE displayed the Rocker designs to representatives of CHARM CO. at a trade show in New York in January 2006.

32. CHARM CO., without authorization, has and continues to reproduce directly or indirectly through its suppliers and agents, prepare derivative works, and distribute the contents

of the asserted Copyrights by at least manufacturing and selling products with a design that is the same or substantially similar to the artistic features set forth in the Rocker designs.

33. By means of the actions complained of herein, CHARM CO. has infringed and will continue to infringe the asserted Copyrights.

34. MR. COYLE and ROCKABYE are informed and believe, and on that basis allege, that unless enjoined by this Court, CHARM CO. intends to continue its course of conduct as alleged above.  As a direct and proximate result of the acts of CHARM CO. alleged above, MR. COYLE and ROCKABYE have suffered irreparable harm.

35. MR. COYLE and ROCKABYE have no adequate remedy at law to redress all of the injuries that CHARM CO. has caused and intends to cause by its conduct.  MR. COYLE and ROCKABYE will continue to suffer irreparable harm until CHARM CO.'s actions alleged above are enjoined by this Court.

36. MR. COYLE and ROCKABYE are entitled to recover from CHARM CO. the damages the have sustained and will sustain, and any gains, profits and advantages obtained by CHARM CO. as a result of CHARM CO.'s acts of infringement alleged above.

37. CHARM CO. knew that the Rocker designs were protected by the asserted Copyrights and willfully infringed the asserted Copyrights.

## COUNT III

## DENNIS FOLAND, INC.'S CONTRIBUTORY COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 501-505

38. MR. COYLE and ROCKABYE incorporate by reference the allegations of paragraphs 1-37.

39. DENNIS FOLAND, INC. made a material contribution to the copyright infringement by CHARM CO. by encouraging and/or inducing CHARM CO. to engage in copyright infringement of the Rocker designs.

40. By means of the actions complained of herein, DENNIS FOLAND, INC. has infringed and will continue to infringe the asserted Copyrights.

41. MR. COYLE and ROCKABYE are informed and believe, and on that basis allege, that unless enjoined by this Court, DENNIS FOLAND, INC. intends to continue its course of conduct as alleged above. As a direct and proximate result of the acts of DENNIS FOLAND, INC. alleged above, MR. COYLE and ROCKABYE have suffered irreparable harm.

42. MR. COYLE and ROCKABYE have no adequate remedy at law to redress all of the injuries that DENNIS FOLAND, INC. has caused and intends to cause by its conduct. MR. COYLE and ROCKABYE will continue to suffer irreparable harm until DENNIS FOLAND, INC.'s actions alleged above are enjoined by this Court.

43. MR. COYLE and ROCKABYE are entitled to recover from DENNIS FOLAND, INC. the damages they have sustained and will sustain, and any gains, profits and advantages obtained by DENNIS FOLAND, INC. as a result of DENNIS FOLAND, INC.'s acts of infringement alleged above.

44. DENNIS FOLAND, INC. knew that the Rocker designs were protected by the asserted Copyrights and willfully infringed the asserted Copyrights.

## COUNT IV

### CHARM CO.'S CONTRIBUTORY COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 501-505

45. MR. COYLE and ROCKABYE incorporate by reference the allegations of paragraphs 1-44.

46. CHARM CO. made a material contribution to the copyright infringement by DENNIS FOLAND, INC. by encouraging and/or inducing DENNIS FOLAND, INC. to engage in copyright infringement of the Rocker designs.

47. By means of the actions complained of herein, CHARM CO. has infringed and will continue to infringe the asserted Copyrights.

48. MR. COYLE and ROCKABYE are informed and believe, and on that basis allege, that unless enjoined by this Court, CHARM CO. intends to continue its course of conduct as alleged above. As a direct and proximate result of the acts of CHARM CO. alleged above, MR. COYLE and ROCKABYE have suffered irreparable harm.

49. MR. COYLE and ROCKABYE have no adequate remedy at law to redress all of the injuries that CHARM CO. has caused and intends to cause by its conduct. MR. COYLE and ROCKABYE will continue to suffer irreparable harm until CHARM CO.'s actions alleged above are enjoined by this Court.

50. MR. COYLE and ROCKABYE are entitled to recover from CHARM CO. the damages they have sustained and will sustain, and any gains, profits and advantages obtained by CHARM CO. as a result of CHARM CO.'s acts of infringement alleged above.

51. CHARM CO. knew that the Rocker designs were protected by the asserted Copyrights and willfully infringed the asserted Copyrights.

## **COUNT V**

## **DENNIS FOLAND, INC.'S VIOLATION OF SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125)**

52. MR. COYLE and ROCKABYE incorporate by reference the allegations of paragraphs 1-51.

53. DENNIS FOLAND, INC. is advertising, offering for sale, selling and/or promoting products under a confusingly similar variation to the same or similar class of purchasers whom TODD COYLE and ROCKABYE sell products and through the same or similar channels of trade.

54. For instance, DENNIS FOLAND, INC. used and continues to use the name "Homer the Baseball Glove Rocker" to identify and describe products that DENNIS FOLAND, INC. has made, marketed and sold in the past and is now currently making, marketing and selling.

55. DENNIS FOLAND, INC. prominently and permanently labeled each "Homer the Baseball Glove Rocker" product with the name "Homer."

56. DENNIS FOLAND, INC.'s use of the name "Homer the Baseball Glove Rocker" is confusingly similar to MR. COYLE and ROCKABYE's "Homer Baseball Chair Rocker."

57. MR. COYLE and ROCKABYE's "Homer Baseball Chair Rocker" and DENNIS FOLAND, INC.'s unauthorized "Homer the Baseball Glove Rocker" are both sold in the same channels of trade and to the same consumers.

58. The above-described conduct of DENNIS FOLAND, INC. in advertising, offering for sale, selling and/or promoting in interstate commerce unauthorized rocking chair products under the confusingly similar variation is likely to cause confusion, to cause mistake, or to deceive purchasers as to whether DENNIS FOLAND, INC.'s "Homer" rocker is sponsored by, offered with the approval of, or offered under MR. COYLE and ROCKABYE's supervision or control.

59. DENNIS FOLAND, INC.'S unauthorized use of MR. COYLE and ROCKABYE's "Homer" name constitutes a word, term or name that is likely to cause confusion or mistake or to deceive as to the affiliation, connection or association amongst consumers, MR. COYLE and

ROCKABYE's licensees and the public as to whether "Homer" originates from, is sponsored by or approved by MR. COYLE and ROCKABYE.

60. DENNIS FOLAND, INC.'s use of MR. COYLE and ROCKABYE's "Homer" name caused in the past and unless abated will continue to cause irreparable harm to MR. COYLE and ROCKABYE, for which MR. COYLE and ROCKABYE have no adequate remedy at law.

61. MR. COYLE and ROCKABYE are entitled to recover financial damages in the yet undetermined amounts as provided by law.

## COUNT VI

## CHARM CO.'S VIOLATION OF SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125)

62. MR. COYLE and ROCKABYE incorporate by reference the allegations of paragraphs 1-61.

63. CHARM CO. is advertising, offering for sale, selling and/or promoting products under a confusingly similar variation to the same or similar class of purchasers whom MR. COYLE and ROCKABYE sell products and through the same or similar channels of trade.

64. For instance, CHARM CO. used and continues to use the name "Homer the Baseball Glove Rocker" to identify and describe products that CHARM CO. has made, marketed and sold in the past and is now currently making, marketing and selling.

65. CHARM CO. prominently and permanently labeled each "Homer the Baseball Glove Rocker" product with the name "Homer."

66. CHARM CO.'s use of the name "Homer the Baseball Glove Rocker" is confusingly similar to MR. COYLE and ROCKABYE's "Homer Baseball Chair Rocker."

67. MR. COYLE and ROCKABYE's "Homer Baseball Chair Rocker" and CHARM CO.'s unauthorized "Homer the Baseball Glove Rocker" are both sold in the same channels of trade and to the same consumers.

68. The above-described conduct of CHARM CO. in advertising, offering for sale, selling and/or promoting in interstate commerce unauthorized rocking chair products under the confusingly similar variation is likely to cause confusion, to cause mistake, or to deceive purchasers as to whether CHARM CO.'s "Homer" rocker is sponsored by, offered with the approval of, or offered under MR. COYLE and ROCKABYE's supervision or control.

69. CHARM CO.'s unauthorized use of MR. COYLE and ROCKABYE's "Homer" name constitutes a word, term or name that is likely to cause confusion or mistake or to deceive as to the affiliation, connection or association amongst consumers, MR. COYLE and ROCKABYE's licensees and the public as to whether "Homer" originates from, is sponsored by or approved by MR. COYLE and ROCKABYE.

70. CHARM CO.'s use of MR. COYLE and ROCKABYE's "Homer" name caused in the past and unless abated will continue to cause irreparable harm to MR. COYLE and ROCKABYE, for which MR. COYLE and ROCKABYE have no adequate remedy at law.

71. MR. COYLE and ROCKABYE are entitled to recover financial damages in the yet undetermined amounts as provided by law.

## COUNT VII

### DENNIS FOLAND, INC.'S UNFAIR COMPETITION IN VIOLATION OF MISSOURI COMMON LAW

72. MR. COYLE and ROCKABYE incorporate by reference the allegations of paragraphs 1-71.

73. DENNIS FOLAND, INC.'s use of MR. COYLE's Rocker designs is likely to cause confusion, or to cause mistake, or to deceive an appreciable number of ordinary buyers as to the source of or association of those goods and services.

74. DENNIS FOLAND, INC.'s acts were calculated to deceive the ordinary buyer and constitute unfair competition and unfair trade practice in violation of the common law of the State of Missouri and other states where MR. COYLE and ROCKABYE conduct business. Upon information and belief, DENNIS FOLAND, INC.'S use of the unauthorized designs is done with willful intent, harmful motive and reckless indifference to MR. COYLE and ROCKABYE's rights.

75. DENNIS FOLAND, INC.'s conduct has damaged and continues to damage MR. COYLE and ROCKABYE.

76. DENNIS FOLAND, INC. has been unjustly enriched by its acts.

77. DENNIS FOLAND, INC.'s acts caused and continue to cause irreparable harm to MR. COYLE and ROCKABYE, for which MR. COYLE and ROCKABYE have no remedy at law.

### COUNT VIII

### CHARM CO.'S UNFAIR COMPETITION IN VIOLATION OF MISSOURI COMMON LAW

78. MR. COYLE and ROCKABYE incorporate by reference the allegations of paragraphs 1-77.

79. CHARM CO.'s use of MR. COYLE's Rocker designs is likely to cause confusion, or to cause mistake, or to deceive an appreciable number of ordinary buyers as to the source of or association of those goods and services.

80. CHARM CO.'s acts were calculated to deceive the ordinary buyer and constitute unfair competition and unfair trade practice in violation of the common law of the State of Missouri and other states where MR. COYLE and ROCKABYE conduct business.  Upon information and belief, CHARM CO.'s use of the unauthorized designs is done with willful intent, harmful motive and reckless indifference to MR. COYLE and ROCKABYE's rights.

81. CHARM CO.'s conduct has damaged and continues to damage MR. COYLE and ROCKABYE.

82. CHARM CO. has been unjustly enriched by its acts.

83. CHARM CO.'s acts caused and continue to cause irreparable harm to MR. COYLE and ROCKABYE, for which MR. COYLE and ROCKABYE have no remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, MR. COYLE and ROCKABYE respectfully request that the Court enter a judgment as follows:

I.   For DENNIS FOLAND, INC. and CHARM CO.'s infringement of the asserted Copyrights,

    A.   Finding that DENNIS FOLAND, INC. and CHARM CO. have infringed the asserted Copyrights;

    B.   Finding a substantial likelihood that DENNIS FOLAND, INC. and CHARM CO. will continue to infringe the asserted Copyrights unless enjoined from doing so;

    C.   That DENNIS FOLAND, INC. and CHARM CO., their directors and officers, agents, servants, employees, and all other persons acting in concert or privity or in participation with them be preliminarily and permanently enjoined from directly or indirectly infringing the asserted Copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer,

display, advertise, reproduce, develop or manufacture any works derived or copied from the asserted Copyrights or to participate or assist in any such activity;

  D. That MR. COYLE and ROCKABYE be awarded their actual damages according to proof, and for any profits attributable to infringement of the asserted Copyrights;

  E. That DENNIS FOLAND, INC. and CHARM CO. be required to account for all gains, profits, and advantages derived from their acts of infringement and from their acts of unfair competition, and in no event less than $75,000.00;

  F. That all gains, profits and advantages derived by DENNIS FOLAND, INC. and CHARM CO. for their acts of infringement and other violation of law be deemed to be held in constructive trust for MR. COYLE and ROCKABYE's benefit;

  G. That DENNIS FOLAND, INC. and CHARM CO. be found to have willfully infringed;

  H. That MR. COYLE and ROCKABYE have judgment against DENNIS FOLAND, INC. and CHARM CO. for their damages, costs and attorneys' fees;

  I. That the Court immediately order the impounding of all copies and inventory made or used by DENNIS FOLAND, INC. and CHARM CO. in violation of the asserted Copyrights;

  J. That DENNIS FOLAND, INC. and CHARM CO. be required to pay MR. COYLE and ROCKABYE treble damages due to DENNIS FOLAND, INC. and CHARM CO.'s willful and deliberate conduct;

  K That DENNIS FOLAND, INC. and CHARM CO. be required to notify all present or prospective customers of the infringement and that the proper owner of the copyrights is MR. COYLE;

II. For DENNIS FOLAND, INC. and CHARM CO.'s violation of the Lanham Act (15 U.S.C. § 1125) and their unfair competition,

    A. An accounting of all gains, profits and advantages DENNIS FOLAND, INC. and CHARM CO. derived from its unfair competition;

    B. DENNIS FOLAND, INC. and CHARM CO., and their subsidiaries, affiliates, franchisees, licensees, officers, agents, sales representatives, servants, employees, associates, successors and assigns, and all persons acting under their control, by, through, under, or in active concert or in participation with DENNIS FOLAND, INC. and CHARM CO., pursuant to 15 U.S.C. § 1116, be permanently enjoined from:

        1. Using any product or doing any act or thing likely to confuse or deceive the public that their goods are in any way connected with TODD COYLE and ROCKABYE; and

        2. Printing, publishing, promoting or distributing any advertisement, whether written, audio or visually portrayed that uses or refers to TODD COYLE and ROCKABYE's patterns or products;

    C. DENNIS FOLAND, INC. and CHARM CO. must deliver up for the destruction all goods, advertising, literature and other forms of promotional material bearing or showing their products or a confusingly similar mark pursuant to 15 U.S.C. § 1118;

    D. DENNIS FOLAND, INC. and CHARM CO. must pay TODD COYLE and ROCKABYE such damages as they have sustained as a result of DENNIS FOLAND, INC.'s and CHARM CO.'s acts of unfair competition;

    E. DENNIS FOLAND, INC. and CHARM CO. must account for all gains, profits, and advantages derived from its acts of unfair competition pursuant to 15 U.S.C. § 1117;

F.  Finding this case exceptional under 15 U.S.C. § 1117 and awarding TODD COYLE and ROCKABYE a sum above the amount found as actual damages not exceeding three times such amount, and its reasonable attorneys' fees;

G.  DENNIS FOLAND, INC. and CHARM CO. must pay TODD COYLE and ROCKABYE their costs and disbursements in bringing this action and prejudgment and post-judgment interest as appropriate pursuant to 15 U.S.C. § 1117; and

H.  DENNIS FOLAND, INC. and CHARM CO. must pay TODD COYLE and ROCKABYE punitive damages due to their willful acts of unfair competition.

III.  That DENNIS FOLAND, INC. and CHARM CO. make a full report to this Court of their compliance with the foregoing within 30 days of judgment herein;

IV.  For all claims, such other and further relief as the Court may deem just and proper.

## JURY DEMAND

MR. COYLE and ROCKABYE request a jury trial.

> Respectfully submitted,
> TODD COYLE
> ROCKABYE TOYS, INC.
>
> By his attorneys,
> SIMMONS BROWDER GIANARIS
> ANGELIDES & BARNERD

Dated:  June 8, 2010           By: s/ Jo Anna Pollock
                                  Paul A. Lesko – E.D.Mo. Bar No. 123590
                                  Jo Anna Pollock – E.D.Mo. Bar No. 106683
                                  Sarah S. Burns – E.D.Mo Bar No. 5211019
                                  707 Berkshire Blvd.
                                  P.O. Box 521
                                  East Alton, Illinois 62024
                                  (618) 259-2222
                                  (618) 259-2251 – *facsimile*
                                  jpollock@simmonsfirm.com